367 So.2d 625 (1979)
PETITION OF the COMMITTEE ON STANDARDS OF CONDUCT FOR JUDGES.
No. 48796-C.
Supreme Court of Florida.
February 1, 1979.
PER CURIAM.
Pursuant to our supervisory authority over the state judiciary,[1] this Court created *626 a Committee on Standards of Conduct Governing Judges in February 1973 to "render written advisory opinions to inquiring judges concerning the propriety of contemplated judicial and non-judicial conduct."[2] Through its chairman, that Committee has now asked the Court to amend or clarify four specific aspects of the order under which it was established and presently functions. We have carefully considered each of the subject areas presented.
1. Name Change. The Committee proposes that it be designated as a "Commission" rather than Committee. The functions of the Committee were designed to parallel those of The Florida Bar's Professional Ethics Committee, which provides advisory opinions to members of the Bar on the propriety of proposed conduct. In light of our disinclination to expand the Committee's authority (see paragraph 2(a) below), and to avoid any confusion that might result if the name of the committee were similar to that of the Judicial Qualifications Commission, we decline to alter the name of the Committee at this time.
2. Powers. (a) The Committee asks whether it has the authority to render advisory opinions to the Judicial Qualifications Commission. We respond in the negative. The scope of the Committee's authority was carefully confined to advisory opinions to judges concerning "contemplated" conduct. We can conceive of no way in which the Commission, or any of its members, could be legitimately concerned with proposed acts of the members of the judiciary, and advice on any other subject to the Commission would exceed the Committee's authority.
(b) The Committee asks whether its power includes the authority to recommend changes in the Code of Judicial Conduct to this Court, in light of the experience it has developed interpreting the Code of Judicial Conduct. Just as committees of the Bar develop expertise and discern problems with our rules of procedure which lead to recommendations for changes, so too would the Committee be a natural body to make Code change recommendations to the Court. The Committee may, therefore, from time to time submit formal proposals and recommendations to the Court regarding the Code of Judicial Conduct. Recommendations for Code changes is not, however, the principal or primary purpose of the Committee.
3. Succession. Our original order provides that the chairman and vice-chairman "shall serve for a term of one calendar year," without addressing succession. The Committee is in doubt as to whether these officers are eligible to succeed themselves. We hold that they may succeed themselves one time, so that any officer of the Committee may serve two successive one-year terms.
Accordingly, paragraphs 2 and 5 of the Court's order establishing the Committee are amended to read (underlining signifies additions):
2. The members of the Committee shall elect a chairman and a vice-chairman, and each shall serve for a term of one calendar year. No officer shall serve more than two successive terms. A majority vote of all of the members of the Committee shall be required to elect the chairman and vice-chairman.
5. The Committee shall render advisory opinions to inquiring judges relating to the propriety of contemplated judicial and non-judicial conduct, but all opinions shall be advisory in nature only. No opinion shall bind the Judicial Qualifications Commission in any proceeding properly before that body. An opinion of the Committee may, however, in the discretion of the Commission, be considered as evidence of a good faith effort to comply with the Code of Judicial Conduct; provided that no opinion issued to one judge or justice shall be authority for the conduct, or evidence of good faith, of another judge or justice unless the underlying facts are identical. All opinions rendered by the Committee shall be in writing, and a copy of each opinion, together with the request therefor, shall be filed with the *627 Clerk of the Supreme Court and with the chairman of the Judicial Qualifications Commission. All references to the name of the requesting judge shall be deleted. In addition, the Committee may from time to time submit to the Supreme Court formal proposals and recommendations relating to the Code of Judicial Conduct.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ADKINS, Justice, concurs in part and dissents in part:
I would change the name from "Committee" to "Commission." Otherwise, I concur.
NOTES
[1] Art. V, §§ 2(b), 15, Fla. Const.
[2] Petition of the Committee on Standards of Conduct for Judges, 327 So.2d 5, 5 (Fla. 1976).