PER CURIAM.
The Committee on Standards of Conduct Governing Judges (Committee) has requested certain amendments to the Committee’s enabling authority as established in Petition of Committee on Standards of Conduct for Judges, 327 So.2d 5 (Fla.1976), and amended in Petition of Committee on Standards, etc., 367 So.2d 625 (Fla.1979).
The Committee requests that its name be changed to Judicial Ethics Advisory Committee, which is more descriptive of the Committee’s duties. The Committee also requests that the enabling authority be amended to authorize three county judges to serve on the Committee. The Committee points out that the Court had previously approved the addition of a third county judge by letter from the Chief Justice dated June 23, 1993, but had not issued a formal amendment. We approve both of these requests.
The Committee’s third request pertains to paragraph 5 of the enabling authority which now provides that an opinion of the Committee may in the discretion of the Judicial Qualifications Commission (JQC) be considered as evidence of a good-faith effort to comply with the Code of Judicial Conduct. The Committee agrees that the JQC should not be bound by an advisory opinion. However, the Committee believes that a judge who requests and acts according to a Committee opinion has the right to expect the JQC to consider such action as evidence of a good-faith effort to comply with the Code of Judicial Conduct. The Court agrees with the Committee’s reasoning and believes that the JQC in its deliberations does view a judge’s actions which are in accordance with a Committee opinion as evidence of good faith. However, the Court also recognizes that the JQC is a separate constitutional body and that this Court has only such authority over the JQC as authorized by article V, section 12 of the Florida Constitution. While this Court in its review of JQC recommendations for discipline will consider such conduct as evidence of good faith, the Court believes that it cannot mandate the JQC to do so. Accordingly, the Committee’s third request is denied. We have made a slight change in the language of paragraph 5 to ensure that only action in accordance with a committee opinion could be considered as evidence of good faith.
The enabling authority for the Committee is hereby amended as reflected in the appendix attached hereto. These amendments *835 shall be effective when this opinion becomes final.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX

Pursuant to the authority conferred in Article V, sections 2(b) and 15, Flas-Const-Flori-da Constitution, there is created a Committee on Standards — of Conduct Governing Judges Judicial Ethics Advisory Committee, to be composed of three district court of appeal judges, four circuit judges, two three county court judges, and one practicing member of The Florida Bar. The purpose of the Committee shall be to render written advisory opinions to inquiring judges concerning the propriety of contemplated judicial and non-judicial conduct.
1. The judges on the Committee shall be selected by their respective court conferences. The Bar member shall be selected by The Florida Bar’s Board of Governors.
2. The members of the Committee shall elect a chairman and a vice-chairman, and each shall serve for a term of one calendar year. No officer shall serve more than two successive terms. A majority vote of all of the members of the Committee shall be required to elect the chairman and vice-chairman.
3. The chairman shall advise each of the chief judges of the several circuits as to the duties and obligations of the Committee, and he shall preside at all meetings. The vice-chairman shall preside in the absence of the chairman and exercise all powers delegated to him by the chairman.
4. A quorum for the transaction of any committee business, whether in a meeting or by circulated writing, shall be six members of the Committee. A majority of the members shall be required to concur in any advisory opinion issued by the Committee.
5. The Committee shall render advisory opinions to inquiring judges relating to the propriety of contemplated judicial and nonjudicial conduct, but all opinions shall be advisory in nature only. No opinion shall bind the Judicial Qualifications Commission in any proceeding properly before that body. Actions in accordance with Aan opinion of the Committee may, however, in the discretion of the Commission, be considered as evidence of a good faith effort to comply with the Code of Judicial Conduct; provided that no opinion issued to one judge or justice shall be authority for the conduct, or evidence of good faith, of another judge or justice unless the underlying facts are identical. All opinions rendered by the Committee shall be in writing, and a copy of each opinion, together with the request therefor, shall be filed with the Clerk of the Supreme Court and with the chairman of the Judicial Qualifications Commission. All references to the name of the requesting judge shall be deleted. In addition, the Committee may from time to time submit to the Supreme Court formal proposals and recommendations relating to the Code of Judicial Conduct.
6. No judge on the Committee shall participate in any matter before the Committee in which he has a direct or indirect interest.
7. Any determination of the propriety or impropriety of particular conduct by the Judicial Qualifications Commission shall supersede any conflicting opinion of the Committee.
8. Opinions of the Committee may be publishedy and compiledT by The Florida Bar.