PER CURIAM.
The Judicial Ethics Advisory Committee petitions this Court to consider amendments to the Florida Code of Judicial Conduct. The committee further petitions the Court to amend the committee’s enabling authority as established in Petition of Committee on Standards of Conduct for Judges, 327 So.2d 5 (Fla.1976), and amended in Petition of Committee on Standards for Conduct of Judges, 367 So.2d 625 (Fla.1979), and Petition of Committee on Standards of Conduct Governing Judges, 698 So.2d 834 (Fla.1997). We have jurisdiction. See art. V, § 2(a), Fla. Const.
In response to our request that the committee consider whether canons 5D(5)(h) and 6B(2) should be amended to clarify the issue of aggregation of the value of gifts received by judges in one year, the committee unanimously approved the one-year study of its subcommittee to amend canon 5D(5)(h), and we adopt the amendment as proposed.
We amend canon 6B to substitute “Florida Commission on Ethics” for “Secretary of State” in canon 6B(l)-(2), Form 6A, and the commentary to canon 6. This will conform the canon to section 112.3144(1), Florida Statutes (2001), which requires that constitutional officers file annual disclosures of financial interests with the Florida Commission on Ethics. An additional amendment to canon 6B will add subdivision (c), requiring each judge to file a final financial disclosure within sixty days of leaving judicial office, unless the judge takes another public position that requires full and public financial disclosure. The canon 6B(c) disclosure must cover the period from January 1 of the current year through the last day on which the judge is in office.
Finally, we amend the committee’s enabling authority by adding to the committee one attorney member, increasing from one year to four years the length of the terms of the attorney members, and staggering the terms of the attorney members so that The Florida Bar Board of Governors will appoint a new attorney member every two years. The committee currently consists of three judges from our district courts of appeal, four circuit court judges, three county court judges, and one attorney. The committee believes, and we agree, that having the perspective of practicing attorneys is invaluable for its work, and that adding a new attorney member and increasing the length of the terms of the attorney members will aid the work of the committee. Furthermore, continuity is served by the staggering of terms.
The committee proposals were published in The Florida Bar News for comments. No comments were received on the proposals. Having considered the proposed amendments and having received no comments, we adopt the amendments as proposed. We have edited the proposals for style and grammar.
Accordingly, we amend canons 5D(5)(h) and 6B, Form 6A, the commentary to canon 6 of the Florida Code of Judicial Conduct, and the committee’s enabling authority as set forth in the attached appendix. New language is indicated by underscoring. The amendments are effective immediately.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
*1085 APPENDIX
Canon 5. A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties
A. Extrajudicial Activities in General. A judge shall conduct all of the judge’s extra-judicial activities so that they do not:
(1) cast reasonable doubt on the judge’s capacity to act impartially as a judge;
(2) demean the judicial office; or
(3) interfere with the proper performance of judicial duties.
B. Avocational Activities. A judge may speak, write, lecture, teach and participate in other extrajudicial activities concerning non-legal subjects, subject to the requirements of this Code.
C. Governmental, Civic or Charitable Activities.
(1) A judge shall not appear at a public hearing before, or otherwise consult with, an executive or legislative body or official except on matters concerning the law, the legal system or the administration of justice or except when acting pro se in a matter involving the judge or the judge’s interests.
(2) A judge shall not accept appointment to a governmental committee or commission or other governmental position that is concerned with issues of fact or policy on matters other than the improvement of the law, the legal system or the administration of justice. A judge may, however, represent a country, state or locality on ceremonial occasions or in connection with historical, educational or cultural activities.
(3) A judge may serve as an officer, director, trustee or non-legal advisor of an educational, religious, charitable, fraternal, sororal or civic organization not conducted for profit, subject to the following limitations and the other requirements of this Code.
(a) A judge shall not serve as an officer, director, trustee or non-legal advisor if it is likely that the organization
(i) will be engaged in proceedings that would ordinarily come before the judge, or
(ii) will be engaged frequently in adversary proceedings in the court of which the judge is a member or in any court subject to the appellate jurisdiction of the court of which the judge is a member.
(b) A judge as an officer, director, trustee or non-legal advisor, or as a member or otherwise:
(i) may assist such an organization in planning fund-raising and may participate in the management and investment of the organization’s funds, but shall not personally participate in the solicitation of funds or other fund-raising activities, except that a judge may solicit funds from other judges over whom the judge does not exercise supervisory or appellate authority;
(ii) shall not personally participate in membership solicitation if the solicitation might reasonably be perceived as coercive or, except as permitted in Section 5C(3)(b)(i), if the membership solicitation is essentially a fund-raising mechanism;
(iii) shall not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation.
D.Financial Activities.
(1) A judge shall not engage in financial and business dealings that
(a) may reasonably be perceived to exploit the judge’s judicial position, or
*1086 (b)involve the judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the court on which the judge serves.
(2) A judge may, subject to the requirements of this Code, hold and manage investments of the judge and members of the judge’s family, including real estate, and engage in other remunerative activity.
(3) A judge shall not serve as an officer, director, manager, general partner, advisor or employee of any business entity except that a judge may, subject to the requirements of this Code, manage and participate in:
(a) a business closely held by the judge or members of the judge’s family, or
(b) a business entity primarily engaged in investment of the financial resources of the judge or members of the judge’s family.
(4) A judge shall manage the judge’s investments and other financial interests to minimize the number of cases in which the judge is disqualified. As soon as the judge can do so without serious financial detriment, the judge shall divest himself or herself of investments and other financial interests that might require frequent disqualification.
(5) A judge shall not accept, and shall urge members of the judge’s family residing in the judge’s household not to accept, a gift, bequest, favor or loan from anyone except for:
(a) a gift incident to a public testimonial, books, tapes and other resource materials supplied by publishers on a complimentary basis for official use, or an invitation to the judge and the judge’s spouse or guest to attend a bar-related function or an activity devoted to the improvement of the law, the legal system or the administration of justice;
(b) a gift, award or benefit incident to the business, profession or other separate activity of a spouse or other family member of a judge residing in the judge’s household, including gifts, awards and benefits for the use of both the spouse or other family member and the judge (as spouse or family member), provided the gift, award or benefit could not reasonably be perceived as intended to influence the judge in the performance of judicial duties;
(c) ordinary social hospitality;
(d) a gift from a relative or friend, for a special occasion, such as a wedding, anniversary or birthday, if the gift is fairly commensurate with the occasion and the relationship;
(e) a gift, bequest, favor or loan from a relative or close personal friend whose appearance or interest in a case would in any event require disqualification under Canon 3E;
(f) a loan from a lending institution in its regular course of business on the same terms generally available to persons who are not judges;
(g) a scholarship or fellowship awarded on the same terms and based on the same criteria applied to other applicants; or
(h) any other gift, bequest, favor or loan, only if: the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and, if its value, or the aggregate value in a calendar year of such gifts, bequests, favors, or loans from a single source, exceeds $100.00, the judge reports it in the same manner *1087 as the judge reports compensation gifts launder Section 6B (2).
E. Fiduciary Activities.
(1) A judge shall not serve as executor, administrator or other personal representative, trustee, guardian, attorney in fact or other fiduciary, except for the estate, trust or person of a member of the judge’s family, and then only if such service will not interfere with the proper performance of judicial duties.
(2) A judge shall not serve as a fiduciary if it is likely that the judge as a fiduciary will be engaged in proceedings that would ordinarily come before the judge, or if the estate, trust or ward becomes involved in adversary proceedings in the court on which the judge serves or one under its appellate jurisdiction.
(3) The same restrictions on financial activities that apply to a judge personally also apply to the judge while acting in a fiduciary capacity.
F. Service as Arbitrator or Mediator. A judge shall not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law or Court rule. A judge may, however, take the necessary educational and training courses required to be a qualified and certified arbitrator or mediator, and may fulfill the requirements of observing and conducting actual arbitration or mediation proceedings as part of the certification process, provided such program does not, in any way, interfere with the performance of the judge’s judicial duties.
G. Practice of Law. A judge shall not practice law. Notwithstanding this prohibition, a judge may act pro se and may, without compensation, give legal advice to and draft or review documents for a member of the judge’s family.
COMMENTARY
Canon 5A. Complete separation of a judge from extra-judicial activities is neither possible nor wise; a judge should not become isolated from the community in which the judge lives.
Expressions of bias or prejudice by a judge, even outside the judge’s judicial activities, may cast reasonable doubt on the judge’s capacity to act impartially as a judge. Expressions which may do so include jokes or other remarks demeaning individuals on the basis of their race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status. See Section 2C and accompanying Commentary.
Canon 5B. In this and other Sections of Canon 5, the phrase “subject to the requirements of this Code” is used, notably in connection with a judge’s governmental, civic or charitable activities. This phrase is included to remind judges that the use of permissive language in various Sections of the Code does not relieve a judge from the other requirements of the Code that apply to the specific conduct.
Canon 5C(1). See Section 2B regarding the obligation to avoid improper influence.
Canon 5C(2). Section 5C(2) prohibits a judge from accepting any governmental position except one relating to the law, legal system or administration of justice as authorized by Section 4D. The appropriateness of accepting extrajudicial assignments must be assessed in light of the demands on judicial resources created by crowded dockets and the need to protect the courts from involvement in extrajudicial matters that may prove to be controversial. Judges should not accept *1088 governmental appointments that are likely to interfere with the effectiveness and independence of the judiciary.
Section 5C(2) does not govern a judge’s service in a nongovernmental position. See Section 5C(3) permitting service by a judge with educational, religious, charitable, fraternal, sororal or civic organizations not conducted for profit. For example, service on the board of a public educational institution, unless it were a law school, would be prohibited under Section 5C(2), but service on the board of a public law school or any private educational institution would generally be permitted under Section 5C(3).
Canon 5C(3). Section 5C(3) does not apply to a judge’s service in a governmental position unconnected with the improvement of the law, the legal system or the administration of justice; see Section 5C(2).
See Commentary to Section 5B regarding use of the phrase “subject to the following limitations and the other requirements of this Code.” As an example of the meaning of the phrase, a judge, permitted by Section 5C(3) to serve on the board of a fraternal institution may be prohibited from such service by Sections 2C or 5A if the institution practices invidious discrimination or if service on the board otherwise casts reasonable doubt on the judge’s capacity to act impartially as a judge.
Service by a judge on behalf of a civic or charitable organization may be governed by other provisions of Canon 5 in addition to Section 5C. For example, a judge is prohibited by Section 5G from serving as a legal advisor to a civic or charitable organization.
Canon 5C(3)(a). The changing nature of some organizations and of their relationship to the law makes it necessary for a judge regularly to reexamine the activities of each organization with which the judge is affiliated to determine if it is proper for the judge to continue the affiliation. For example, in many jurisdictions charitable hospitals are now more frequently in court than in the past.
Canon 5C(3)(b). A judge may solicit membership or endorse or encourage membership efforts for a nonprofit educational, religious, charitable, fraternal, so-roral or civic organization as long as the solicitation cannot reasonably be perceived as coercive and is not essentially a fund-raising mechanism. Solicitation of funds for an organization and solicitation of memberships similarly involve the danger that the person solicited will feel obligated to respond favorably to the solicitor if the solicitor is in a position of influence or control. A judge must not engage in direct, individual solicitation of funds or memberships in person, in writing or by telephone except in the following cases: 1) a judge may solicit for funds or memberships other judges over whom the judge does not exercise supervisory or appellate authority, 2) a judge may solicit other persons for membership in the organizations described above if neither those persons nor persons with whom they are affiliated are likely ever to appear before the court on which the judge serves and 3) a judge who is an officer of such an organization may send a general membership solicitation mailing over the judge’s signature.
Use of an organization letterhead for fund-raising or membership solicitation does not violate Section 5C(3)(b) provided the letterhead fists only the judge’s name and office or other position in the organization, and, if comparable designations are fisted for other persons, the judge’s judicial designation. In addition, a judge must also make reasonable efforts to ensure that the judge’s staff, court officials and *1089 others subject to the judge’s direction and control do not solicit funds on the judge’s behalf for any purpose, charitable or otherwise.
A judge must not be a speaker or guest of honor at an organization’s fund-raising event, but mere attendance at such an event is permissible if otherwise consistent with this Code.
Canon 5D(1). When a judge acquires in a judicial capacity information, such as material contained in filings with the court, that is not yet generally known, the judge must not use the information for private gain. See Section 2B; see also Section 3B(11).
A judge must avoid financial and business dealings that involve the judge in frequent transactions or continuing business relationships with persons likely to come either before the judge personally or before other judges on the judge’s court. In addition, a judge should discourage members of the judge’s family from engaging in dealings that would reasonably appear to exploit the judge’s judicial position. This rule is necessary to avoid creating an appearance of exploitation of office or favoritism and to minimize the potential for disqualification. With respect to affiliation of relatives of the judge with law firms appearing before the judge, see Commentary to Section 3E(1) relating to disqualification.
Participation by a judge in financial and business dealings is subject to the general prohibitions in Section 5A against activities that tend to reflect adversely on impartiality, demean the judicial office, or interfere with the proper performance of judicial duties. Such participation is also subject to the general prohibition in Canon 2 against activities involving impropriety or the appearance of impropriety and the prohibition in Section 2B against the misuse of the prestige of judicial office. In addition, a judge must maintain high standards of conduct in all of the judge’s activities, as set forth in Canon 1. See Commentary for Section 5B regarding use of the phrase “subject to the requirements of this Code.”
Canon 5D(2). This Section provides that, subject to the requirements of this Code, a judge may hold and manage investments owned solely by the judge, investments owned solely by a member or members of the judge’s family, and investments owned jointly by the judge and members of the judge’s family.
Canon 5D(3). Subject to the requirements of this Code, a judge may participate in a business that is closely held either by the judge alone, by members of the judge’s family, or by the judge and members of the judge’s family.
Although participation by a judge in a closely-held family business might otherwise be permitted by Section 5D(3), a judge may be prohibited from participation by other provisions of this Code when, for example, the business entity frequently appears before the judge’s court or the participation requires significant time away from judicial duties. Similarly, a judge must avoid participating in a closely-held family business if the judge’s participation would involve misuse of the prestige of judicial office.
Canon 5D(5). Section 5D(5) does not apply to contributions to a judge’s campaign for judicial office, a matter governed by Canon 7.
Because a gift, bequest, favor or loan to a member of the judge’s family residing in the judge’s household might be viewed as intended to influence the judge, a judge must inform those family members of the relevant ethical constraints upon the judge *1090 in this regard and discourage those family members from violating them. A judge cannot, however, reasonably be expected to know or control all of the financial or business activities of all family members residing in the judge’s household.
Canon 5D(5)(a). Acceptance of an invitation to a law-related function is governed by Section 5D(5)(a); acceptance of an invitation paid for by an individual lawyer or group of lawyers is governed by Section 5D(5)(h).
A judge may accept a public testimonial or a gift incident thereto only if the donor organization is not an organization whose members comprise or frequently represent the same side in litigation, and the testimonial and gift are otherwise in compliance with other provisions of this Code. See Sections 5A(1) and 2B.
Canon 5D(5)(d). A gift to a judge, or to a member of the judge’s family living in the judge’s household, that is excessive in value raises questions about the judge’s impartiality and the integrity of the judicial office and might require disqualification of the judge where disqualification would not otherwise be required. See, however, Section 5D(5)(e).
Canon 5D(5)(h). Section 5D(5)(h) prohibits judges from accepting gifts, favors, bequests or loans from lawyers or their firms if they have come or are likely to come before the judge; it also prohibits gifts, favors, bequests or loans from clients of lawyers or their firms when the clients’ interests have come or are likely to come before the judge.
Canon 5E(3). The restrictions imposed by this Canon may conflict with the judge’s obligation as a fiduciary. For example, a judge should resign as trustee if detriment to the trust would result from divestiture of holdings the retention of which would place the judge in violation of Section 5D(4).
Canon 5F. Section 5F does not prohibit a judge from participating in arbitration, mediation or settlement conferences performed as part of judicial duties. An active judge may take the necessary educational and training programs to be certified or qualified as a mediator or arbitrator, but this shall not be a part of the judge’s judicial duties. While such a course will allow a judge to have a better understanding of the arbitration and mediation process, the certification and qualification of a judge as a mediator or arbitrator is primarily for the judge’s personal benefit. While actually participating in the mediation and arbitration training activities, care must be taken in the selection of both eases and locations so as to guarantee that there is no interference or conflict between the training and the judge’s judicial responsibilities. Indeed, the training should be conducted in such a manner as to avoid the involvement of persons likely to appear before the judge in legal proceedings.
Canon 5G. This prohibition refers to the practice of law in a representative capacity and not in a pro se capacity. A judge may act for himself or herself in all legal matters, including matters involving litigation and matters involving appearances before or other dealings with legislative and other governmental bodies. However, in so doing, a judge must not abuse the prestige of office to advance the interests of the judge or the judge’s family. See Section 2B.
The Code allows a judge to give legal advice to and draft legal documents for members of the judge’s family, so long as the judge receives no compensation. A judge must not, however, act as an advocate or negotiator for a member of the judge’s family in a legal matter.
*1091 Canon 6. Fiscal Matters of a Judge Shall be Conducted in a Manner That Does Not Give the Appearance of Influence or Impropriety; a Judge Shall Regularly File Public Reports as Required by Article II, Section 8, of the Constitution of Florida, and Shall Publicly Report Gifts; Additional Financial Information Shall be Filed With the Judicial Qualifications Commission to Ensure Full Financial Disclosure
A. Compensation for Quasi-Judicial and Extrajudicial Services and Reimbursement of Expenses.
A judge may receive compensation and reimbursement of expenses for the quasi-judicial and extrajudicial activities permitted by this Code, if the source of such payments does not give the appearance of influencing the judge in the performance of judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:
(1) Compensation. Compensation shall not exceed a reasonable amount nor shall it exceed what a person who is not a judge would receive for the same activity.
(2) Expense Reimbursement. Expense reimbursement shall be limited to the actual.cost of travel, food, and lodging reasonably incurred by the judge and, where appropriate to the occasion, to the judge’s spouse. Any payment in excess of such an amount is compensation.
B. Public Financial Reporting.
(1) Income and Assets. A judge shall file such public report as may be required by law for all public officials to comply fully with the provisions of Article II, Section 8, of the Constitution of Florida. The form for public financial disclosure shall be that recommended or adopted by the Florida Commission on Ethics for use by all public officials. The form shall be filed in the office of the Secretary of Statewith the Florida Commission on Ethics on the date prescribed by law, and a copy shall be filed simultaneously with the Judicial Qualifications Commission.
(2) Gifts. A judge shall file- a public report of all gifts which are required to be disclosed under Canon 5D(5)(h) of the Code of Judicial Conduct. The report of gifts received in the preceding calendar year shall be filed in the Office of the Secretary of Statewith the Florida Commission on Ethics on or before July 1 of each year. A copy shall be filed simultaneously with the- Judicial Qualifications Commission.
(3) Disclosure of Financial Interests Upon Leaving Office. A judge shall file a final disclosure statement within 60-days after leaving office, which report shall cover the period between January 1 of the year in which the judge leaves office and his or her last day of office, unless, within the 60 day period, the judge takes another public position requiring financial disclosure under Article II, Section 8, of the Constitution of Florida, or is otherwise required to file full and public disclosure for the final disclosure period. The form for disclosure of financial interests upon leaving office shall be that recommended or adopted by the Florida Commission on Ethics for use by all public officials. The form shall be filed with the Florida Commission on Ethics and a copy shall be filed simultaneously with the Judicial Qualifications Commission.
C.Confidential Financial Reporting to the Judicial Qualifications Commission.
*1092 To ensure that complete financial information is available for all judicial officers, there shall be filed with the Judicial Qualifications Commission on or before July 1 of each year, if not already included in the public report to be filed under Canon 6B(1) and (2), a verified list of the names of the corporations and other business entities in which the judge has a financial interest as of December 31 of the preceding year, which shall be transmitted in a separate sealed envelope, placed by the Commission in safekeeping, and not be opened or the contents thereof disclosed except in the manner 'hereinafter provided.
At any time during or after the pen-dency of a cause, any party may request information as to whether the most recent list filed by the judge or judges before whom the cause is or was pending contains the name of any specific person or corporation or other business entity which is a party to the cause or which has a substantial direct or indirect financial interest in its outcome. Neither the making of the request nor the contents thereof shall be revealed by the chair to any judge or other person except at the instance of the individual making the request. If the request meets the requirements hereinabove set forth, the chair shall render a prompt answer thereto and thereupon return the report to safekeeping for retention in accordance with the provisions hereinabove stated. All such requests shall be verified and transmitted to the chair of the Commission on forms to be approved by it.
D. Limitation of Disclosure.
Disclosure of a judge’s income, debts, investments or other assets is required only to the extent provided in this Canon and in Sections 3E and 3F, or as otherwise required by law.
COMMENTARY
Canon 6A. See Section 5D(5)(a)-(h) regarding reporting of gifts, bequests and loans.
The Code does not prohibit a judge from accepting honoraria or speaking fees provided that the compensation is reasonable and commensurate with the task performed. A judge should ensure, however, that no conflicts are created by the arrangement. Judges must not appear to trade on the judicial position for personal advantage. Nor should a judge spend significant time away from court duties to meet speaking or writing commitments for compensation. In addition, the source of the payment must not raise any question of undue influence or the judge’s ability or willingness to be impartial.
Canon 6C. Subparagraph A prescribes guidelines for additional compensation and the reimbursement of expense funds received by a judge.
Subparagraphs B and C prescribe the three types of financial disclosure reports required of each judicial officer.
The first is the Ethics Commission’s constitutionally required, form pursuant to Article II, Section 8, of the Constitution. It must be filed each year as prescribed by law. The financial reporting period is for the previous calendar year. A final disclosure statement generally is required when a judge leaves office. The'filing of the income tax return is a permissible alternative.
The second is a report of gifts received during the preceding calendar year to be filed publicly inwith the Secretary — of State’s OfficeFlorida Commission on Ethics. The gifts to be reported are in accordance with Canon 5D(5)(h). This reporting is in lieu of that prescribed by statute as stated in the Supreme Court’s opinion rendered in In re Code of Judicial Con *1093 duct, 281 So.2d 21 (Fla.1973). The form for this report is as follows:
Form 6A. Gift Disclosure
All judicial officers must file with the Secretary of StateFlorida Commission on Ethics a list of all gifts received during the preceding calendar year of a value in excess of $100.00 as provided in Canon 5D(5) and Canon 6B(2) of the Code of Judicial Conduct.
Name: _
Telephone: _
Address: _
Position Held: _
Please identify all gifts you received during the preceding calendar year of a
value in excess of $100.00, as required by Canon 5D(5) and Canon 6B(2) of the
Code of Judicial Conduct.
OATH
State of Florida
County of_
I,_, the public official filing this disclosure statement, being first duly sworn, do depose on oath and say that the facts set forth in the above statement are true, correct, and complete to the best of my knowledge and belief.
(Signature of Reporting Official)
(Signature of Officer Authorized to Administer Oaths)
My Commission expires_
Sworn to and subscribed before me this _day of_, 4@20_
The third financial disclosure report is prescribed in subparagraph C. This provision ensures that there will be complete financial information for all judicial officers available with the Judicial Qualifications Commission by requiring that full disclosure be filed confidentially with the Judicial Qualifications Commission in the event the limited disclosure alternative is selected under the provisions of Article II, Section 8.
The amendment to this Canon requires in 6B(2) a separate gift report to be filed in the- office-ofwith the Secretary-of-State-Florida Commission on-Ethlcs on or before July 1 of each year. The form to be used for that report is included in the commentary to Canon 6. It should be noted that Canon 5, as it presently exists, restricts and prohibits the receipt of certain gifts. This provision is not applicable to other public officials.
With reference to financial disclosure, if the judge chooses the limited disclosure alternative available under the provision of Article II, Section 8, of the Constitution of Florida, without the inclusion of the judge’s Federal Income Tax Return, then the judge must file with the Commission a list of the names of corporations or other business entities in which the judge has a financial interest even though the amount is less than $1,000. This information remains confidential until a request is made by a party to a cause before the judge. This latter provision continues to ensure that complete financial information for all judicial officers is available with the Judicial Qualifications Commission and that parties who are concerned about a judge’s possible financial interest have a means of obtaining that information as it pertains to a particular cause before the judge.
Canon 6D. Section 3E requires a judge to disqualify himself or herself in any proceeding in which the judge has an econom- *1094 ie interest. See “economic interest” as explained in the Definitions Section. Section 5D requires a judge to refrain from engaging in business and from financial activities that might interfere with the impartial performance of judicial duties; Section 6B requires a judge to report all compensation the judge received for activities outside judicial office. A judge has the rights of any other citizen, including the right to privacy of the judge’s financial affairs, except to the extent that limitations established by law are required to safeguard the proper performance of the judge’s duties.
ENABLING AUTHORITY
Pursuant to the authority conferred in Article V, sections 2(b) and 15, Florida Constitution, there is created a Judicial Ethics Advisory Committee, to be composed of three district court of appeal judges, four circuit judges, three county court judges, and onetwo practicing members of The Florida Bar. The Florida Bar members will serve staggered four-year terms, with a new appointment every two years. The purpose of the Committee shall be to render written advisory opinions to inquiring judges concerning the propriety of contemplated judicial and nonjudicial conduct.
1. The judges on the Committee shall be selected by their respective court conferences. The Bar members shall be selected by The Florida Bar’s Board of Governors.
2. The members of the Committee shall elect a chairman and a vice-chairman, and each shall serve for a term of one calendar year. No officer shall serve more than two successive terms. A majority vote of all of the members of the Committee shall be required to elect the chairman and vice-chairman.
3. The chairman' shall advise each of the chief judges of the several circuits as to the duties and obligations of the Committee, and hethe chair shall preside at all meetings. The vice-chairman shall preside in the absence of the chairman and exercise all powers delegated to him by the chairman.
4. A quorum for the transaction of any committee business, whether in a meeting or by circulated writing, shall be sixseven members of the Committee. A majority of the members shall be required to concur in any advisory opinion issued by the Committee.
5. The Committee shall render advisory opinions to inquiring judges relating to the propriety of contemplated judicial and noa-judieialnonjudicial conduct, but all opinions shall be advisory in nature only. No opinion shall bind the Judicial Qualifications Commission in any proceeding properly before that body. Actions in accordance with an opinion of the Committee may, however, in the discretion of the Commission, be considered as evidence of a good faith effort to comply with the Code of Judicial Conduct; provided that no opinion issued to one judge or justice shall be authority for the conduct, or evidence of good faith, of another judge or justice unless the underlying facts are identical. All opinions rendered by the Committee shall be in writing, and a copy of each opinion, together with the request therefor, shall be filed with the Clerk of the Supreme Court and with the chairman of the Judicial Qualifications Commission. All references to the name of the requesting judge shall be deleted. In addition, the Committee may from time to time submit to the Supreme Court formal proposals and recommendations relating to the Code of Judicial Conduct.
6. No judge on the Committee shall participate in any matter before the Com *1095 mittee in which hethe judge has a direct or indirect interest.
7. Any determination of the propriety or impropriety of particular conduct by the Judicial Qualifications Commission shall supersede any conflicting opinion of the Committee.
8. Opinions of the Committee may be published and compiled by The Florida Bar.