PER CURIAM.
In Case No. SC02-147, we have before us the petition of the Judicial Ethics Advisory Committee (JEAC) proposing amendments to Canons 4 and 5 of the Code of Judicial Conduct (Code). In Case No. SC02-1034, we have before us the report of the Task Force on Pro Bono Activities by Judges and Judicial Staff (Task Force) and The Florida Bar Standing Committee on Pro Bono Legal Services (Standing Committee), proposing amendments to Canon 4 of the Code and to Rule Regulating the Florida Bar 4-6.1, Pro Bono Public Service. We have jurisdiction. See art. V, § 15, Fla. Const.
*1025 Although the petition of the JEAC is broader in scope, because both the petition and the report of the Task Force and the Standing Committee relate to the provision of pro bono services by judges and judicial staff, we consolidated the two matters for oral argument and now consolidate the cases for purposes of this opinion. After considering the report, the petition, and the comments filed in response to each, and after hearing oral argument, we adopt the amendments proposed by the JEAC and decline to adopt the amendments proposed by the Task Force and the Standing Committee.

BACKGROUND

In 1993, this Court adopted a comprehensive pro bono legal service plan for Florida attorneys. See Amendments to Rules Regulating the Florida Bar—1-3.1(a) & Rules of Judicial Administration—2.065 (Legal Aid), 630 So.2d 501 (Fla.1993) (hereinafter Amendments). At that time, this Court noted that it has a constitutional responsibility to ensure access to the justice system. However, the Court expressly found that “no authority exists for this Court to address, through the Rules Regulating The Florida Bar, uncompensated public service activities not directly related to services for the courts and the legal needs of the poor.” Id. at 503. The Court narrowly defined the term “legal services to the poor” as “pro bono legal services to the poor or ... to the extent possible, other pro bono service activities that directly relate to the legal needs of the poor.” Id.
In considering whether the aspirational goal of the provision regarding pro bono legal services to the poor should apply to judges and their staff attorneys, this Court recognized that judicial officers and their staffs are prohibited from practicing law. Id. The Court explained:
These prohibitions are designed partially to prevent judges and their staffs from taking time away from their judicial duties. More importantly, however, the prohibitions are to prevent them from placing themselves in positions where their actions could directly or indirectly be influenced by matters that could come before them or could provide the appearance that certain parties might be favored over others. As a result, members of the judiciary and their law clerks are unable to participate in providing pro bono legal services to the poor absent a broadening of the definition of those services to such an extent that the services would no longer be limited to legal services. As discussed above under the definition of legal services, we believe that a narrow definition of pro bono services is necessary to ensure that the purposes behind the implementation of these rules are in accordance with our authority.
Id. at 503-04. Thus, the Court deferred members of the judiciary and their staffs from the pro bono requirements of rule 4-6.1. See id. at 504. Nevertheless, the Court went on to note:
[J]udges and their staffs may still teach or engage in activities that concern non-adversarial aspects of the law. Canon 4. Although those activities would not be governed by these rules, we strongly encourage the participation of the judiciary in those activities and request the judicial conferences to consider appropriate means to provide support and allow participation of judges and law clerks in pro bono activities.
Id. at 504.
These consolidated cases consist of the recommendations of two separate groups considering the same issue that was addressed by this Court in Amendments, that is, the participation of judges and *1026 judicial staff attorneys in pro bono activities. We will discuss the origins of both the JEAC and the Task Force in turn, and address the recommendations filed by each group.

PETITION OF THE JUDICIAL ETHICS ADVISORY COMMITTEE

The Judicial Ethics Advisory Committee, formerly called the Committee on Standards of Conduct Governing Judges, was created in 1976. See Petition of Committee on Standards of Conduct for Judges, 327 So.2d 5 (Fla.1976).[1] The stated purpose of the JEAC was, and is, to render written advisory opinions to inquiring judges concerning the propriety of contemplated judicial and nonjudicial conduct. See Petition of Committee on Standards of Conduct for Judges, 327 So.2d at 5. In 1979, the Court held that the JEAC also could recommend changes to the Code of Judicial Conduct. See Petition of Committee on Standards of Conduct for Judges, 367 So.2d 625, 626 (Fla.1979).
On January 22, 2002, the JEAC filed a petition requesting that the Court adopt proposed revisions to Canons 4 and 5 of the Code of Judicial Conduct. The JEAC proposes amendments to the heading, the substance, and the comment to Canon 4, “A Judge May Engage in Activities to Improve the Law, the Legal System, and the Administration of Justice.” In proposing these amendments, the JEAC states that it recognizes that it is important for members of the judiciary to participate in activities that improve the law, the legal system, and the administration of justice. However, the JEAC states that Canon 4 is deficient because it fails to encourage judicial officers to improve upon the system that they serve. Further, the JEAC states that some judges are unclear as to the activities in which they may ethically engage. As currently written, the heading to Canon 4 states only that judges are permitted to engage in activities that improve the law, the legal system, and the administration of justice. The JEAC proposes amending the heading to actively encourage members of the judiciary to engage in such activities.
The JEAC recommends amending Canon 4B to expressly state that judges are encouraged (rather than permitted) to “speak, write, lecture, teach, and engage in other quasi-judicial activities concerning the law, the legal system and the administration of justice.” The JEAC further proposes adding to this list of subjects “the role of the judiciary as an independent branch of the government.”
The JEAC proposes amending the commentary to Canon 4B to encourage judges to engage in the aforementioned activities and to provide specific examples of legal areas in which a judge may contribute. Further, the JEAC recommends that the commentary to Canon 4B be amended to provide that it is appropriate for judges to support pro bono legal services, subject to the requirements of the Code, because these services relate to the improvement of the administration of justice. The JEAC’s petition emphasizes that not all activities in support of pro bono legal services are ethically permissible under the Code.
The JEAC proposes amending Canon 4D to provide that judges are encouraged (rather than just permitted) to serve as members, officers, directors, trustees, or nonlegal advisors of organizations or gov *1027 ernmental agencies devoted to the improvement of the law, the legal system, or the administration of justice. Further, the JEAC proposes amending the canon to include service to organizations or governmental agencies devoted to the judicial branch.
The JEAC next proposes various amendments to the substance and commentary of Canon 5, “A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties.” In proposing these amendments, the JEAC states that an effective judge is not only well versed in the law, but also stays in touch with his or her community on nonlegal matters. As such, the JEAC proposes amending Canon 5B to provide that judges are encouraged (rather than just permitted) to engage in extrajudicial activities concerning nonlegal subjects, subject to the provisions of the Code. The JEAC proposes a similar addition to the commentary to Canon 5A, encouraging judicial involvement in community-related nonlegal activities.
Canon 5C(2) currently authorizes judges to accept appointments to governmental committees or commissions or other governmental positions that are concerned with issues of fact or policy on matters pertaining to the improvement of the law, the legal system, or the administration of justice. The JEAC proposes adding “the judicial branch” as a fourth option. Thus, under amended Canon 5C(2), a judge would be authorized to accept an appointment to a committee or commission or other government position that is concerned with issues of fact or policy on matters pertaining to the improvement of the judicial branch.
The JEAC’s proposed changes were published in the March 15, 2002, edition of The Florida Bar News. Numerous comments were received.[2]

REPORT OF THE TASK FORCE AND THE STANDING COMMITTEE

In October 2000, by Administrative Order entered by then Chief Justice Charles T. Wells, this Court created the Task Force on Pro Bono Activities by Judges and Judicial Staff to work with The Florida Bar Standing Committee on Pro Bono Legal Services. See In re Pro Bono Activities by Judges & Judicial Staff, Fla. Amended Admin. Order No. AOSC00-7 (Oct. 25, 2000) (on file with Clerk, Fla. Sup.Ct.). The Court charged the Task Force and the Standing Committee with proposing a plan to facilitate participation in pro bono activities by the judiciary and judicial staff. The Court specifically directed the Task Force and the Standing Committee to:
• study how a pro bono commitment, or similar undertaking, could be carried out by judges and judicial staff;
• collect information on nontraditional pro bono activities by judges and judicial staff in Florida and other states; and
• consider the need for rules relating to pro bono service by judges and judicial staff.
The Task Force and the Standing Committee submitted their report on May 2, 2002, recommending amendments to Rule Regulating the Florida Bar 4-6.1 and Can *1028 on 4B of the Code of Judicial Conduct. The proposals were approved by the joint group by a vote of 12-0, with one abstention.
In making its recommendations, the Task Force and the Standing Committee recognize that public service is the very essence of the work of a judge. As to whether judges should have an additional aspirational duty to perform pro bono services, the Task Force and the Standing Committee state that numerous attorneys whose employment is based in public service, such as legal aid attorneys, are not exempted from the aspirational goal and pro bono reporting requirement. Thus, the Task Force and the Standing Committee propose that judges and their staffs no longer be deferred from the pro bono reporting requirement. However, because rule 4-6.1 governs “pro bono legal services” which often involve the practice of law, the Task Force and the Standing Committee propose creating a separate aspirational service obligation under Canons 4B and 4D of the Code.
The Task Force and the Standing Committee propose to amend Rule Regulating the Florida Bar 4-6.1, governing pro bono public service, in three ways. First, the Task Force and the Standing Committee propose amending subdivision (a) of the rule to state that the professional responsibility to render pro bono legal services cannot apply to members of the judiciary and members of the Bar employed by the judiciary because such persons are prohibited from practicing law by the Florida Constitution or other provisions of the law, and that the aspirational responsibility to provide pro bono service is set forth in Canons 4B and 4D of the Code of Judicial Conduct. Second, the Task Force and the Standing Committee propose amending subdivision (d) of the rule to add an annual reporting requirement for judges and their staff attorneys of hours of pro bono service provided or contributions made to a legal aid organization, thereby eliminating the current deferment of the reporting requirement for those individuals. Third, the Task Force and the Standing Committee propose amending the comment to the rule to reiterate that members of the judiciary and members of the Bar employed by the judiciary may fulfil their pro bono obligation pursuant to Canons 4B and 4D of the Code of Judicial Conduct. In addition, the Task Force and the Standing Committee propose adding a statement to the comment providing that “the primary purpose of pro bono service is overall a public one and is consistent with the constitutional obligation of the judiciary to ensure access to the justice system.”
The Task Force and the Standing Committee propose amending Canon 4 of the Code of Judicial Conduct in two areas. First, the Task Force and the Standing Committee propose amending Canon 4B to encourage judges and judicial staff attorneys to engage in pro bono service activities that will facilitate the participation of attorneys in pro bono legal activities. Judges and judicial staff attorneys are further encouraged to perform pro bono service activities that relate to improving access to the justice system for the poor and working poor, but do not involve the practice of law. Second, the Task Force and the Standing Committee propose amending the commentary to Canon 4B by adding two paragraphs. The first paragraph identifies what judges and judicial staff attorneys may not do when participating in pro bono service activities, and reiterates that judges and judicial staff attorneys may satisfy the aspirational goal of performing pro bono service by providing at least twenty hours of pro bono service annually or by the payment of at least $350 to a legal aid organization. The second paragraph details pro bono activities *1029 that are appropriate for judges and judicial staff attorneys.
The Task Force and the Standing Committee’s proposals were published in the June 1, 2002, edition of The Florida Bar News. Numerous comments were received.[3]

ANALYSIS

A large number of judges and judicial staff statewide already engage in a wide variety of pro bono activities. The Task Force and the Standing Committee’s report indicates that judges are engaged in such activities as serving as chair of a circuit pro bono committee, participating in Teen Court, participating in legal aid training, and assisting in annual pro bono awards ceremonies. Throughout the year, judges routinely work with schools to help teach about the role of the judicial branch in our democracy and speak in communities throughout the State about matters affecting the administration of justice. Further, some judicial staff attorneys currently perform client intake for pro bono programs and help victims of domestic violence fill out legal forms. We commend all judges and their staffs who provide pro bono service to the community and who engage in extrajudicial activities. Engaging in pro bono service educates the community about the legal system, the judicial branch, and the administration of justice. Engaging in nonjudicial activities demonstrates to the public that members of the judiciary are also integral members of the community who strive toward the common goal of improving society as a whole.
Although judges and judicial staff currently engage in pro bono activities, the Task Force and the Standing Committee argue that an aspirational goal and mandatory reporting requirement will further increase judicial participation in pro bono activities. However, the Task Force and the Standing Committee acknowledge that to facilitate participation in such a program, it would be necessary to “define broadly the types of service that would constitute pro bono service for judges and judicial staff and [to] provid[e] specific examples of such service.”
In Amendments, the Court declined to broaden the definition of “legal services to the poor” so that judges and judicial staff could participate in the program because the Court found that a narrow definition was necessary to “ensure that the purposes behind the implementation of these rules are in accordance with our authority.” 630 So.2d at 504. We are not certain that broadening the definition of pro bono services for judges and judicial staff will in fact serve the Task Force and the Standing Committee’s stated goal of improving access to justice for all citizens of this State. Further, we acknowledge that virtually all of the comments filed opposed the Task Force and the Standing Committee’s proposed amendments to the Code and favored the JEAC’s proposed amendments.
*1030 The amendments proposed by the JEAC are consistent with this Court’s intent to encourage judges and their staff attorneys to engage in ethically permissible pro bono services and extrajudicial activities. Where judges have expressed concern over what types of activities are ethically permissible, the JEAC’s proposed amendments provide examples of permissible conduct. Further, because the JEAC’s proposals do not make the aspirational pro bono legal services goal and the mandatory reporting requirement applicable to judges and judicial staff, these proposals do not run afoul of the narrow definition of “legal services to the poor” as set forth in Amendments. Therefore, the true intent of the pro bono aspirational goal and reporting requirement will be preserved. We conclude that the JEAC’s proposed amendments to the Code of Judicial Conduct best serve the dual goals of encouraging members of the judiciary and their staffs to engage in pro bono services and extrajudicial activities, while ensuring that the availability of pro bono legal representation for the poor is not diluted or compromised in any way. In light of the foregoing, we adopt the amendments proposed by the JEAC but decline to adopt the amendments proposed by the Task Force and the Standing Committee. However, we amend the proposed commentary to Canon 4B as discussed below.
The JEAC proposes that the commentary to Canon 4B be amended to provide specific examples of legal areas in which a judge may contribute and to encourage judges to support pro bono legal services. The commentary as amended by the JEAC states:
This canon is clarified in order to encourage judges to engage in activities to improve the law, the legal system, and the administration of justice. As a judicial officer and person specially learned in the law, a judge is in a unique position to contribute to the improvement of the law, the legal system, and the administration of justice, including, but not limited to the revision of substantive and procedural law, the and improvement of civil, criminal, domestic relations, probate and juvenile justice, and the role of the judiciary as an independent branch of government. To the extent that time permits, a judge is encouraged to do so, either independently or through a bar association, judicial conference or other organization dedicated to the improvement of the law. Support of pro bono legal services by members of the bench is an activity that relates to improvement of the administration of justice. Accordingly, a judge may engage in activities intended to encourage attorneys to perform pro bono services, including, but not limited to: participating in events to recognize attorneys who do pro bono work, establishing general procedural or scheduling accommodations for pro bono attorneys as feasible, and acting in an advisory capacity to pro bono programs. Judges may are encouraged to participate in efforts to promote the fair administration of justice, the independence of the judiciary and the integrity of the legal profession and may-express, which may include the expression of opposition to the persecution of lawyers and judges in other countries because of their.professional activities.
(Changes indicated by underlined and stricken language.) The Conference of County Court Judges of Florida commented that this proposal overlooks motor vehicle law, an important area of justice for which county court judges are responsible.[4] The Conference requests that this area of the law be added to the list of *1031 examples. Accordingly, we have amended the proposal submitted by the JEAC to include “motor vehicle law.” We have further amended this section of the commentary to include family law, domestic violence, juvenile delinquency and juvenile dependency as other examples of legal areas in which a judge may contribute. The amended commentary now states:
This canon is clarified in order to encourage judges to engage in activities to improve the law, the legal system, and the administration of justice. As a judicial officer and person specially learned in the law, a judge is in a unique position to contribute to the improvement of the law, the legal system, and the administration of justice, including, but not limited to, the improvement of the role of the judiciary as an independent branch of government, the revision of substantive and procedural law and, the improvement of criminal and juvenile justice, and the improvement of justice in the areas of civil, criminal, family, domestic violence, juvenile delinquency, juvenile dependency, probate and motor vehicle law. To the extent that time permits, a judge is encouraged to do so, either independently or through a bar association, judicial conference or other organization dedicated to the improvement of the law. Support of pro bono legal services by members of the bench is an activity that relates to improvement of the administration of justice. Accordingly, a judge may engage in activities intended to encourage attorneys to perform pro bono services, including, but not limited to: participating in events to recognize attorneys who do pro bono work, establishing general procedural or scheduling accommodations for pro bono attorneys as feasible, and acting in an advisory capacity to pro bono programs. Judges may are encouraged to participate in efforts to promote the fair administration of justice, the independence of the judiciary and the integrity of the legal profession and may express, which may include the expression of opposition to the persecution of lawyers and judges in other countries because of their professional activities.
(Changes indicated by underlined and stricken language.)
The Court wishes to express its sincerest gratitude to Judge William A. Van Nortwick, Chair of the Task Force, and to the members of the Task Force, the Standing Committee and the JEAC for their diligent and dedicated efforts in studying the issue of judges and judicial staff participation in pro bono activities. We anticipate that the Standing Committee will continue to provide this Court with meaningful information in this area. Further, we thank all individuals who filed comments with this Court, especially those who participated in oral argument. Accordingly, we amend the Code of Judicial Conduct as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately.
It is so ordered.
ANSTEAD, C.J., WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., and SHAW, Senior Justice, concur.
APPENDIX
Canon 4. A Judge May is Encouraged to Engage in Activities to Improve the Law, the Legal System, and the Administration of Justice
A. A judge shall conduct all of the judge’s quasi-judicial activities so that they do not:
*1032 (1) cast reasonable doubt on the judge’s capacity to act impartially as a judge;
(2) demean the judicial office; or
(3) interfere with the proper performance of judicial duties.
B. A judge may is encouraged to speak, write, lecture, teach and participate in other quasi-judicial activities concerning the law, the legal system, and the administration of justice, and the role of the judiciary as an independent branch within our system of government, subject to the requirements of this Code.
C. A judge shall not appear at a public hearing before, or otherwise consult with, an executive or legislative body or official except on matters concerning the law, the legal system or the administration of justice or except when acting pro se in a matter involving the judge or the judge’s interests.
D. A judge may is encouraged to serve as a member, officer, director, trustee or non-legal advisor of an organization or governmental agency devoted to the improvement of the law, the legal system, the judicial branch, or the administration of justice, subject to the following limitations and the other requirements of this Code.
(1) A judge shall not serve as an officer, director, trustee or non-legal advis- or if it is likely that the organization
(a) will be engaged in proceedings that would ordinarily come before the judge, or
(b) will be engaged frequently in adversary proceedings in the court of which the judge is a member or in any court subject to the appellate jurisdiction of the court of which the judge is a member.
(2) A judge as an officer, director, trustee or non-legal advisor, or as a member or otherwise:
(a) may assist such an organization in planning fund-raising and may participate in the management and investment of the organization’s funds, but shall not personally participate in the solicitation of funds or other fund-raising activities, except that a judge may solicit funds from other judges over whom the judge does not exercise supervisory or appellate authority;
(b) may make recommendations to public and private fund-granting organizations on projects and programs concerning the law, the legal system or the administration of justice;
(c) shall not personally participate in membership solicitation if the solicitation might reasonably be perceived as coercive or, except as permitted in Section 4D(2)(a), if the membership solicitation is essentially a fund-raising mechanism;
(d) shall not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation.
Commentary
Canon 4A. A judge is encouraged to participate in activities designed to improve the law, the legal system, and the administration of justice. In doing so, however, it must be understood that expressions of bias or prejudice by a judge, even outside the judge’s judicial activities, may cast reasonable doubt on the judge’s capacity to act impartially as a judge. Expressions which may do so include jokes or other remarks demeaning individuals on the basis of their race, sex, religion, national origin, disability, age, sexual orienta *1033 tion or socioeconomic status. See Section 2C and accompanying Commentary.
Canon 4B. This canon is clarified in order to encourage .judges to engage in activities to improve the law, the legal system, and the administration of .justice. As a judicial officer and person specially learned in the law, a judge is in a unique position to contribute to the improvement of the law, the legal system, and the administration of justice, including, but not limited to, the improvement of the role of the judiciary as an independent branch of government, the revision of substantive and procedural law and, the improvement of criminal and juvenile justice, and the improvement of justice in the areas of civil, criminal, family, domestic violence, juvenile delinquency, juvenile dependency, probate and motor vehicle law. To the extent that time permits, a judge is encouraged to do so, either independently or through a bar association, judicial conference or other organization dedicated to the improvement of the law. Support of pro bono legal services by members of the bench is an activity that relates to improvement of the administration of justice. Accordingly, a judge may engage in activities intended to encourage attorneys to perform pro bono services, including, but not limited to: participating in events to recognize attorneys who do pro bono work, establishing general procedural or scheduling accommodations for pro bono attorneys as feasible, and acting in an advisory capacity to pro bono programs. Judges may are encouraged to participate in efforts to promote the fair administration of justice, the independence of the judiciary and the integrity of the legal profession and may express, which may include the expression of opposition to the persecution of lawyers and judges in other countries beeause-of-their professional activities.
The phrase “subject to the requirements of this Code” is included to remind judges that the use of permissive language in various Sections of the Code does not relieve a judge from the other requirements of the Code that apply to the specific conduct.
Canon 4C. See Section 2B regarding the obligation to avoid improper influence.
Canon 4D(1). The changing nature of some organizations and of their relationship to the law makes it necessary for a judge regularly to reexamine the activities of each organization with which the judge is affiliated to determine if it is proper for the judge to continue the affiliation. For example, the boards of some legal aid organizations now make policy decisions that may have political significance or imply commitment to causes that may come before the courts for adjudication.
Canon 4D(2). A judge may solicit membership or endorse or encourage membership efforts for an organization devoted to the improvement of the law, the legal system or the administration of justice as long as the solicitation cannot reasonably be perceived as coercive and is not essentially a fund-raising mechanism. Solicitation of funds for an organization and solicitation of memberships similarly involve the danger that the person solicited will feel obligated to respond favorably to the solicitor if the solicitor is in a position of influence or control. A judge must not engage in direct, individual solicitation of funds or memberships in person, in writing or by telephone except in the following cases: 1) a judge may solicit for funds or memberships other judges over whom the judge does not exercise supervisory or appellate authority, 2) a judge may solicit other persons for membership in the organizations described above if neither those persons nor persons with whom they are affiliated are likely ever to appear before *1034 the court on which the judge serves and 3) a judge who is an officer of such an organization may send a general membership solicitation mailing over the judge’s signature.
Use of an organization letterhead for fund-raising or membership solicitation does not violate Section 4D(2) provided the letterhead lists only the judge’s name and office or other position in the organization, and, if comparable designations are listed for other persons, the judge’s judicial designation. In addition, a judge must also make reasonable efforts to ensure that the judge’s staff, court officials and others subject to the judge’s direction and control do not solicit funds on the judge’s behalf for any purpose, charitable or otherwise.
A judge must not be a speaker or guest of honor at an organization’s fund-raising event, but mere attendance at such an event is permissible if otherwise consistent with this Code.
Canon 5. A Judge Shall Regulate Extrajudicial Activities to Minimize the Risk of Conflict with Judicial Duties
A. Extrajudicial Activities in General. A judge shall conduct all of the judge’s extra-judicial activities so that they do not:
(1) cast reasonable doubt on the judge’s capacity to act impartially as a judge;
(2) demean the judicial office; or
(3) interfere with the proper performance of judicial duties.
B. Avocational Activities. A judge may is encouraged to speak, write, lecture, teach and participate in other extrajudicial activities concerning non-legal subjects, subject to the requirements of this Code.
C. Governmental, Civic or Charitable Activities.
(1) A judge shall not appear at a public hearing before, or otherwise consult with, an executive or legislative body or official except on matters concerning the law, the legal system or the administration of justice or except when acting pro se in a matter involving the judge or the judge’s interests.
(2) A judge shall not accept appointment to a governmental committee or commission or other governmental position that is concerned with issues of fact or policy on matters other than the improvement of the law, the legal system, the judicial branch, or the administration of justice. A judge may, however, represent a country, state or locality on ceremonial occasions or in connection with historical, educational or cultural activities.
(3) A judge may serve as an officer, director, trustee or non-legal advisor of an educational, religious, charitable, fraternal, sororal or civic organization not conducted for profit, subject to the following limitations and the other requirements of this Code.
(a) A judge shall not serve as an officer, director, trustee or non-legal advisor if it is likely that the organization
(i) will be engaged in proceedings that would ordinarily come before the judge, or
(ii) will be engaged frequently in adversary proceedings in the court of which the judge is a member or in any court subject to the appellate jurisdiction of the court of which the judge is a member.
(b) A judge as an officer, director, trustee or non-legal advisor, or as a member or otherwise:
(i) may assist such an organization in planning fund-raising and may participate in the management and in *1035 vestment of the organization’s funds, but shall not personally participate in the solicitation of funds or other fund-raising activities, except that a judge may solicit funds from other judges over whom the judge does not exercise supervisory or appellate authority;
(ii) shall not personally participate in membership solicitation if the solicitation might reasonably be perceived as coercive or, except as permitted in Section 5C(3)(b)(i), if the membership solicitation is essentially a fund-raising mechanism;
(in) shall not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation.
D. Financial Activities.
(1) A judge shall not engage in financial and business dealings that
(a) may reasonably be perceived to exploit the judge’s judicial position, or
(b) involve the judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the court on which the judge serves.
(2) A judge may, subject to the requirements of this Code, hold and manage investments of the judge and members of the judge’s family, including real estate, and engage in other remunerative activity.
(3) A judge shall not serve as an officer, director, manager, general partner, advisor or employee of any business entity except that a judge may, subject to the requirements of this Code, manage and participate in:
(a) a business closely held by the judge or members of the judge’s family, or
(b) a business entity primarily engaged in investment of the financial resources of the judge or members of the judge’s family.
(4) A judge shall manage the judge’s investments and other financial interests to minimize the number of cases in which the judge is disqualified. As soon as the judge can do so without serious financial detriment, the judge shall divest himself or herself of investments and other financial interests that might require frequent disqualification.
(5) A judge shall not accept, and shall urge members of the judge’s family residing in the judge’s household not to accept, a gift, bequest, favor or loan from anyone except for:
(a) a gift incident to a public testimonial, books, tapes and other resource materials supplied by publishers on a complimentary basis for official use, or an invitation to the judge and the judge’s spouse or guest to attend a bar-related function or an activity devoted to the improvement of the law, the legal system or the administration of justice;
(b) a gift, award or benefit incident to the business, profession or other separate activity of a spouse or other family member of a judge residing in the judge’s household, including gifts, awards and benefits for the use of both the spouse or other family member and the judge (as spouse or family member), provided the gift, award or benefit could not reasonably be perceived as intended to influence the judge in the performance of judicial duties;
(c) ordinary social hospitality;
(d) a gift from a relative or friend, for a special occasion, such as a wedding, anniversary or birthday, if the *1036 gift is fairly commensurate with the occasion and the relationship;
(e) a gift, bequest, favor or loan from a relative or close personal friend whose appearance or interest in a case would in any event require disqualification under Canon 3E;
(f) a loan from a lending institution in its regular course of business on the same terms generally available to persons who are not judges;
(g) a scholarship or fellowship awarded on the same terms and based on the same criteria applied to other applicants; or
(h) any other gift, bequest, favor or loan, only if: the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and, if its value, or the aggregate value in a calendar year of such gifts, bequests, favors, or loans from a single source, exceeds $100.00, the judge reports it in the same manner as the judge reports gifts under Section 6B(2).
E. Fiduciary Activities.
(1) A judge shall not serve as executor, administrator or other personal representative, trustee, guardian, attorney in fact or other fiduciary, except for the estate, trust or person of a member of the judge’s family, and then only if such service will not interfere with the proper performance of judicial duties.
(2) A judge shall not serve as a fiduciary if it is likely that the judge as a fiduciary will be engaged in proceedings that would ordinarily come before the judge, or if the estate, trust or ward becomes involved in adversary proceedings in the court on which the judge serves or one under its appellate jurisdiction.
(3)The same restrictions on financial activities that apply to a judge personally also apply to the judge while acting in a fiduciary capacity.
F. Service as Arbitrator or Mediator.
A judge shall not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law or Court rule. A judge may, however, take the necessary educational and training courses required to be a qualified and certified arbitrator or mediator, and may fulfill the requirements of observing and conducting actual arbitration or mediation proceedings as part of the certification process, provided such program does not, in any way, interfere with the performance of the judge’s judicial duties.
G. Practice of Law. A judge shall not practice law. Notwithstanding this prohibition, a judge may act pro se and may, without compensation, give legal advice to and draft or review documents for a member of the judge’s family.
Commentary
Canon 5A. Complete separation of a judge from extra-judicial activities is neither possible nor wise; a judge should not become isolated from the community in which the judge lives. For that reason, judges are encouraged to participate in extrajudicial community activities.
Expressions of bias or prejudice by a judge, even outside the judge’s judicial activities, may cast reasonable doubt on the judge’s capacity to act impartially as a judge. Expressions which may do so include jokes or other remarks demeaning individuals on the basis of their race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status. *1037 See Section 2C and accompanying Commentary.
Canon 5B. In this and other Sections of Canon 5, the phrase “subject to the requirements of this Code” is used, notably in connection with a judge’s governmental, civic or charitable activities. This phrase is included to remind judges that the use of permissive language in various Sections of the Code does not relieve a judge from the other requirements of the Code that apply to the specific conduct.
Canon 5C(1). See Section 2B regarding the obligation to avoid improper influence.
Canon 5C(2). Section 5C(2) prohibits a judge from accepting any governmental position except one relating to the law, legal system or administration of justice as authorized by Section 4D. The appropriateness of accepting extrajudicial assignments' must be assessed in light of the demands on judicial resources created by crowded dockets and the need to protect the courts from involvement in extrajudicial matters that may prove to be controversial. Judges should not accept governmental appointments that are likely to interfere with the effectiveness and independence of the judiciary.
Section 5C(2) does not govern a judge’s service in a nongovernmental position. See Section 5C(3) permitting service by a judge with educational, religious, charitable, fraternal, sororal or civic organizations not conducted for profit. For example, service on the board of a public educational institution, unless it were a law school, would be prohibited under Section 5C(2), but service on the board of a public law school or any private educational institution would generally be permitted under Section 5C(3).
Canon 5C(3). Section 5C(3) does not apply to a judge’s service in a governmental position unconnected with the improvement of the law, the legal system or the administration of justice; see Section 5C(2).
See Commentary to Section 5B regarding use of the phrase “subject to the following limitations and the other requirements of this Code.” As an example of the meaning of the phrase, a judge permitted by Section 5C(3) to serve on the board of a fraternal institution may be prohibited from such service by Sections 2C or 5A if the institution practices invidious discrimination or if service on the board otherwise casts reasonable doubt on the judge’s capacity to act impartially as a judge.
Service by a judge on behalf of a civic or charitable organization may be governed by other provisions of Canon 5 in addition to Section 5C. For example, a judge is prohibited by Section 5G prohibits a judge from serving as a legal advisor to a civic or charitable organization. .
Canon 5C(3)(a). The changing nature of some organizations and of their relationship to the law makes it necessary for a judge regularly to regularly reexamine the activities of each organization with which the judge is affiliated in order to determine if it is proper for the judge to continue the affiliation. For example, in many jurisdictions charitable hospitals are now more frequently in court than in the past.
Canon 5C(3)(b). A judge may solicit membership or endorse or encourage membership efforts for a nonprofit educational, religious, charitable, fraternal, so-roral or civic organization as long as the solicitation cannot reasonably be perceived as coercive and is not essentially a fund-raising mechanism. Solicitation of funds for an organization and solicitation of memberships similarly involve the danger that the person solicited will feel obligated *1038 to respond favorably to the solicitor if the solicitor is in a position of influence or control. A judge must not engage in direct, individual solicitation of funds or memberships in person, in -writing or by telephone except in the following cases: 1) a judge may solicit for funds or memberships other judges over whom the judge does not exercise supervisory or appellate authority, 2) a judge may solicit other persons for membership in the organizations described above if neither those persons nor persons with whom they are affiliated are likely ever to appear before the court on which the judge serves and 3) a judge who is an officer of such an organization may send a general membership solicitation mailing over the judge’s signature.
Use of an organization letterhead for fund-raising or membership solicitation does not violate Section 5C(3)(b) provided the letterhead lists only the judge’s name and office or other position in the organization, and, if comparable designations are listed for other persons, the judge’s judicial designation. In addition, a judge must also make reasonable efforts to ensure that the judge’s staff, court officials and others subject to the judge’s direction and control do not solicit funds on the judge’s behalf for any purpose, charitable or otherwise.
A judge must not be a speaker or guest of honor at an organization’s fund-raising event, but mere attendance at such an event is permissible if otherwise consistent with this Code.
Canon 5D(1). When a judge acquires in a judicial capacity information, such as material contained in filings with the court, that is not yet generally known, the judge must not use the information for private gain. See Section 2B; see also Section 3B(11).
A judge must avoid financial and business dealings that involve the judge in frequent transactions or continuing business relationships with persons likely to come either before the judge personally or before other judges on the judge’s court. In addition, a judge should discourage members of the judge’s family from engaging in dealings that would reasonably appear to exploit the judge’s judicial position. This rule is necessary to avoid creating an appearance of exploitation of office or favoritism and to minimize the potential for disqualification. With respect to affiliation of relatives of the judge with law firms appearing before the judge, see Commentary to Section 3E(1) relating to disqualification.
Participation by a judge in financial and business dealings is subject to the general prohibitions in Section 5A against activities that tend to reflect adversely on impartiality, demean the judicial office, or interfere with the proper performance of judicial duties. Such participation is also subject to the general prohibition in Canon 2 against activities involving impropriety or the appearance of impropriety and the prohibition in Section 2B against the misuse of the prestige of judicial office. In addition, a judge must maintain high standards of conduct in all of the judge’s activities, as set forth in Canon 1. See Commentary for Section 5B regarding use of the phrase “subject to the requirements of this Code.”
Canon 5D(2). This Section provides that, subject to the requirements of this Code, a judge may hold and manage investments owned solely by the judge, investments owned solely by a member or members of the judge’s family, and investments owned jointly by the judge and members of the judge’s family.
Canon 5D(3). Subject to the requirements of this Code, a judge may partid- *1039 pate in a business that is closely held either by the judge alone, by members of the judge’s family, or by the judge and members of the judge’s family.
Although participation by a judge in a closely-held family business might otherwise be permitted by Section 5D(3), a judge may be prohibited from participation by other provisions of this Code when, for example, the business entity frequently appears before the judge’s court or the participation requires significant time away from judicial duties. Similarly, a judge must avoid participating in a closely-held family business if the judge’s participation would involve misuse of the prestige of judicial office.
Canon 5D(5). Section 5D(5) does not apply to contributions to a judge’s campaign for judicial office, a matter governed by Canon 7.
Because a gift, bequest, favor or loan to a member of the judge’s family residing in the judge’s household might be viewed as intended to influence the judge, a judge must inform those family members of the relevant ethical constraints upon the judge in this regard and discourage those family members from violating them. A judge cannot, however, reasonably be expected to know or control all of the financial or business activities of all family members residing in the judge’s household.
Canon 5D(5)(a). Acceptance of an invitation to a law-related function is governed by Section 5D(5)(a); acceptance of an invitation paid for by an individual lawyer or group of lawyers is governed by Section 5D(5)(h).
A judge may accept a public testimonial or a gift incident thereto only if the donor organization is not an organization whose members comprise or frequently represent the same side in litigation, and the testimonial and gift are otherwise in compliance with other provisions of this Code. See Sections 5A(1) and 2B.
Canon 5D(5)(d). A gift to a judge, or to a member of the judge’s family living in the judge’s household, that is excessive in value raises questions about the judge’s impartiality and the integrity of the judicial office and might require disqualification of the judge where disqualification would not otherwise be required. See, however, Section 5D(5)(e).
Canon 5D(5)(h). Section 5D(5)(h) prohibits judges from accepting gifts, favors, bequests or loans from lawyers or their firms if they have come or are likely to come before the judge; it also prohibits gifts, favors, bequests or loans from clients of lawyers or their firms when the clients’ interests have come or are likely to come before the judge.
Canon 5E(3). The restrictions imposed by this Canon may conflict with the judge’s obligation as a fiduciary. For example, a judge should resign as trustee if detriment to the trust would result from divestiture of holdings the retention of which would place the judge in violation of Section 5D(4).
Canon 5F. Section 5F does not prohibit a judge from participating in arbitration, mediation or settlement conferences performed as part of judicial duties. An active judge may take the necessary educational and training programs to be certified or qualified as a mediator or arbitrator, but this shall not be a part of the judge’s judicial duties. While such a course will allow a judge to have a better understanding of the arbitration and mediation process, the certification and qualification of a judge as a mediator or arbitrator is primarily for the judge’s personal benefit. While actually participating in the mediation and arbitration training activities, care must *1040 be taken in the selection of both cases and locations so as to guarantee that there is no interference or conflict between the training and the judge’s judicial responsibilities. Indeed, the training should be conducted in such a manner as to avoid the involvement of persons likely to appear before the judge in legal proceedings.
Canon 5G. This prohibition refers to the practice of law in a representative capacity and not in a pro se capacity. A judge may act for himself or herself in all legal matters, including matters involving litigation and matters involving appearances before or other dealings with legislative and other governmental bodies. However, in so doing, a judge must not abuse the prestige of office to advance the interests of the judge or the judge’s family. See Section 2B.
The Code allows a judge to give legal advice to and draft legal documents for members of the judge’s family, so long as the judge receives no compensation. A judge must not, however, act as an advocate or negotiator for a member of the judge’s family in a legal matter.

. The committee's name was changed to the Judicial Ethics Advisory Committee in 1997. See Petition of Committee on Standards of Conduct Governing Judges, 698 So.2d 834 (Fla.1997).

. Comments were filed by the Florida Conference of District Court of Appeal Judges; the Florida Conference of Circuit Court Judges; the Florida Conference of County Court Judges; Judge William A. Van Nortwick, Jr., Chair of the Task Force on Pro Bono Services by the Judiciary and Judicial Staff Attorneys; Judge David A. Demers, Chief Judge of the Sixth Judicial Circuit; Judge Karl B. Grube, County Court Judge, Pinellas County; and The Florida Bar.

. Comments were filed by the Florida Conference of District Court of Appeal Judges; the Florida Conference of Circuit Court Judges; the Florida Conference of County Court Judges; the Judicial Ethics Advisory Committee; Judge William A. Van Nortwick, Jr., Chair of the Task Force on Pro Bono Services by the Judiciary and Judicial Staff Attorneys; Judge David A. Demers, Chief Judge of the Sixth Judicial Circuit; Judge James M. Barton, II, Circuit Court Judge of the Thirteenth Judicial Circuit, in and for Hillsborough County; The Florida Bar; the Legal Aid Society of the Orange County Bar Association, Inc.; the Florida Pro Bono Coordinators Association; Wendy Loquasto, career attorney to Judge Richard W. Ervin, III, Judge of the District Court of Appeal, First District; and attorney Martin D. Kahn.

. Comments filed by Judge David A. Demers and Judge Karl B. Grube also suggested that *1031 "motor vehicle law" be added to the commentary to Canon 4B.